# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

RITA STAPLES,

    Plaintiff,                                             Case No. 23-cv-12422

v.                                                         Hon. F. Kay Behm

SPIRIT AIRLINES, INC.,                    Mag. Judge Anthony P. Patti

    Defendant.

_____/

## DEFENDANT SPIRIT AIRLINES, INC.'S
## FIRST AMENDED ANSWER AND AFFIRMATIVE
## DEFENSES TO PLAINTIFF'S COMPLAINT AND
## RENEWED DEMAND FOR TRIAL BY JURY

Defendant Spirit Airlines, Inc. ("Spirit"), by and through its attorneys, Taft Stettinius & Hollister LLP, submits the following for its First Amended Answer to Plaintiff's Complaint, and states:

### PARTIES AND JURISDICTION

1. Plaintiff, Rita Staples, resides in the County of Wayne, City of Westland, State of Michigan.

**ANSWER: Spirit lacks knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies them.**

2. Defendant, Spirit Airlines, conducts business in the County of Wayne, State of Michigan.

1

**ANSWER: Spirit admits only that it was and is an air carrier as defined by 49 U.S.C. §40102, and that it operates under an Air Carrier Certificate pursuant to 49 U.S.C. §§41101,** *et seq.***, including at Detroit Metropolitan Wayne County Airport (DTW).**

    3.    The amount of controversy is within the jurisdiction of this court because Plaintiff claims damages in excess of $25,000.00.

**ANSWER: Spirit states that the Court has subject matter jurisdiction under 28 U.S.C. §1332 since there is complete diversity of citizenship between Plaintiff, on one hand, and Spirit, on the other hand, and because Plaintiff has alleged damages in excess of $75,000; however, Spirit denies any liability for such alleged damages and denies the alleged value of Plaintiff's claimed damages.**

    4.    Venue is proper in this Court pursuant to MCL 600.1621(a), for the reason that this is the County which the Defendant does business.

**ANSWER: Spirit states that under 28 U.S.C. §1391, venue is proper in this District because a substantial part of the events and/or omissions giving rise to the claims alleged herein occurred in this District, Plaintiff resides in this District, and/or Spirit is otherwise subject to personal jurisdiction in this District given its systematic and continuous business activities within this District.**

COMMON ALLEGATIONS:

    5.    Plaintiff was a passenger on a Spirit Airlines flight on August 16, 2022.

**ANSWER: Denied. Spirit's records indicate that Plaintiff was ticketed to fly to DTW on August 13, 2022.**

    6.    Plaintiff was traveling to Detroit, MI.

**ANSWER: Admitted that Plaintiff was a ticketed passenger on Spirit Flight 734 to DTW on August 13, 2022.**

7. While on this flight, Plaintiff was seated in her assigned seat.

**ANSWER: Spirit lacks knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies them.**

8. While the plane was in the air, Defendant's flight attendant opened an overhead compartment.

**ANSWER: Spirit lacks knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies them.**

9. When that flight attendant opened the overhead compartment, a metal object fell out and hit Plaintiff on her arm.

**ANSWER: Denied.**

10. Plaintiff immediately asked for ice, a request in which the flight staffed obliged.

**ANSWER: Admitted only that Plaintiff requested and was provided with an icepack, which was provided.**

11. Plaintiff suffered severe injury to her right wrist.

**ANSWER: Denied.**

12. Plaintiff sought immediate medical treatment. She is currently disabled and restricted from engaging in any physical activity.

**ANSWER: Spirit lacks knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies them.**

13. Plaintiff is treating at physical therapy and will require extensive rehabilitation.

**ANSWER: Spirit lacks knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies them.**

14. Even worse, Plaintiff was recommended by medical personnel for surgery in order to remedy her severely injured wrist.

**ANSWER: Spirit lacks knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies them.**

15. Due to her injuries, Plaintiff has been unable to fully perform her work duties, which has resulted in substantial financial hardship.

**ANSWER: Spirit lacks knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies them.**

16. Beyond the financial strain her injuries have caused, Plaintiff is suffering from a loss in quality of life — specifically, she is unable to:

    1. hold her grandson;
    2. hold pots and pans;
    3. write well with her dominate hand;
    4. hold and lift objects for long periods of time; and
    5. comfortably groom herself.

**ANSWER: Spirit lacks knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies them.**

17. Ultimately, Plaintiff is enduring emotional pain and suffering, which is impacting her quality of life physically, emotionally, and financially.

**ANSWER: Spirit lacks knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies them.**

18. Defendant has refused to cooperate or assist Plaintiff with costs and/or medical bills in any way.

**ANSWER: Denied as stated because Spirit is not obligated or liable for any of Plaintiff's costs and/or medical bills.**

19. As a result, Plaintiff has been injured aforesaid.

**ANSWER: Denied.**

## COUNT I: PREMISES LIABILITY

20. Plaintiff incorporates by reference paragraphs one through nineteen.

**ANSWER: Spirit incorporates by reference its answers to paragraphs 1 through 19 as if fully restated herein.**

21. Defendant had a duty to use ordinary care to protect Plaintiff, as an invitee who confers an economic benefit, from conditions on its premises that presented unreasonable risks of harm, including falling object from the overhead compartments.

**ANSWER: Denied for the reason that the allegations state legal conclusions and not allegations of fact and/or allegations that mischaracterize the duty, to which no response is required. However, to the extent any duty was owed by Spirit, none was breached.**

22. Defendant knew, or should have known, that a danger was present in the overhead compartment and that it posed an unreasonable risk of harm to invitees if the overhead compartment was opened while the plane was in motion.

5

**ANSWER: Denied.**

23. Defendant breached its duty to protect Plaintiff from unreasonable risks of harm on their premises by failing to take due care and caution when Defendant's agent opened the overhead compartment while the plane was in motion.

**ANSWER: Denied.**

24. As a direct and proximate result of Defendant's breach of duty to use ordinary care to protect Plaintiff, as an invitee, from unreasonable risks of harm on their premises, Plaintiff sustained serious personal injuries.

**ANSWER: Denied.**

25. As a result of her injuries suffered on August 16, 2022, Plaintiff has sustained damages and will, in the future, continue to sustain damages, including, but not limited to, the following:

 a. physical pain and suffering; mental anguish; fright and shock; denial of social pleasure and enjoyments; and embarrassment, humiliation, or mortification;

 b. disability, including the loss or impairment of her ability to use her arm and shoulder;

 c. disfigurement of her dominate hand and wrist;

    d.    an increase in pain and suffering, disability, and related expenses arising from aggravation of a pre-existing ailment or condition;

    e.    reasonable expenses for necessary medical care, treatment, and services;

    f.    loss of earning capacity;

    g.    reasonable expenses for medical bills and surgery, which has been required as a result of Plaintiff's injury.

**ANSWER: Denied, including as to subparts a.-g.**

26. As a result, Plaintiff has been damaged aforesaid.

**ANSWER: Denied.**

## COUNT II: ORDINARY NEGLIGENCE

27. Plaintiff incorporates by reference paragraphs one through twenty-six.

**ANSWER: Spirit incorporates by reference its answers to paragraphs 1 through 26 as if fully restated herein.**

28. Defendant owed a duty to use reasonable care in maintaining the safety of all passengers on the plane which included ensuring that objects from opened overhead compartments did not fall on passengers.

**ANSWER: Denied for the reason that the allegations state legal conclusions and not allegations of fact and/or allegations that mischaracterize the duty, to which no response is required. However, to the extent any duty was owed by Spirit, none was breached.**

29.     Defendant breached its duty to use reasonable care and, thus, were negligent by failing to ensure objects in the overhead compartments did not fall on passengers, ultimately eliminating dangers and risks on the plane.

**ANSWER: Denied.**

30.     As a direct and proximate result of Defendant's breach of its duty to use reasonable care in operating and maintaining the plane, Plaintiff sustained serious personal injuries to her dominate hand and wrist resulting in medical bills, loss of wage-earning capacity and future wages, and loss of quality of life.

**ANSWER: Denied.**

31.     As a result of her injuries suffered on August 16, 2022, Plaintiff has sustained damages and will in the future sustain damages, including, but not limited to, the following:

    a.  physical pain and suffering; mental anguish; fright and shock; denial of social pleasure and enjoyments; and embarrassment, humiliation, or mortification;

    b.  disability, including the loss or impairment of her ability to use her arm and shoulder;

    c.  disfigurement of her dominate hand and wrist;

    d.  an increase in pain and suffering, disability, and related expenses arising from aggravation of a pre-existing ailment or condition;

  e. reasonable expenses for necessary medical care, treatment, and services;

  f. loss of earning capacity;

  g. reasonable expenses for medical bills and surgery, which has been required as a result of Plaintiff's injury.

**ANSWER: Denied, including as to subparts a.-g.**

## PRAYER FOR RELIEF:

Plaintiff respectfully requests that this Honorable Court award damages that will fairly and justly compensate for her injuries, losses, and damages, plus costs, interest, and attorney fees, and any other relief this Court deems fair, just, and equitable under the circumstances.

**Answering Plaintiff's "PRAYER FOR RELIEF" following paragraph 31, Spirit denies that Plaintiff is entitled to any recovery or relief, equitable or legal, including a money judgment, whatsoever from Spirit.**

**WHEREFORE, Defendant Spirit Airlines, Inc. respectfully requests that this Court dismiss Plaintiff's Complaint with prejudice, with costs, including but not limited to reasonable attorney fees to Spirit as well any other legal and equitable relief to which Spirit may be entitled.**

## AFFIRMATIVE DEFENSES

Defendant Spirit Airlines, Inc. ("Spirit"), by and through its attorneys, Taft Stettinius & Hollister LLP, submits the following for its First Amended Affirmative Defenses to Plaintiff's Complaint and states:

1.  Failure to state a claim: Plaintiff's Complaint should be dismissed in whole or in part due to Plaintiff's failure to state a claim or claims upon which relief can be granted.

2.  Choice of law: Plaintiff's claims are governed by and barred in whole or in part by laws other than the laws of the State of Michigan, including but not limited to federal law and/or the laws of another state.

3.  Federal preemption: Plaintiff's claims are preempted in whole or in part by federal law, including but not limited to: the Federal Aviation Regulations, 14 C.F.R. §§1.1, *et seq.*, the Federal Aviation Act of 1958 as amended (P.L. 5-726, 72 Stat. 731, formerly codified as 49 U.S.C. §§1301, *et seq.*, now recodified and incorporated into 49 U.S.C. §§40101, *et seq.*); and/or the Airline Deregulation Act of 1978, 49 U.S.C. §41713.

4.  Contract of Carriage: Plaintiff's claims are barred in whole or in part by Spirit's Contract of Carriage. Spirit's Contract of Carriage is always available to passengers and the general public from a link on its website at https://content.spirit.com/Shared/en-us/Documents/Contract_of_Carriage.pdf.

Additionally, with every passenger's ticket purchase, Spirit provides notice of its Contract of Carriage, and the incorporation of its terms, and makes the full text of the Contract of Carriage available to passengers. The foregoing complies with any and all applicable federal common law and regulations, including but not limited to 14 C.F.R. §§253.4(a) and 253.5(a).

5. Contractual limitations: Plaintiff's claims are barred in whole or in part by the Contract of Carriage's contractual limitations period.

6. Assumption of risk: Plaintiff's claims are barred in whole or in part to the extent Plaintiff assumed the risk.

7. Comparative and/or contributory negligence: Plaintiff's claims are barred in whole or in part to the extent of Plaintiff's own negligence.

8. Third party/non-party fault: Plaintiff's claims are barred in whole or in part to the extent of any fault or negligence of third parties and/or non-parties.

9. Superseding/intervening events: Plaintiff's claims are barred in whole or in part to the extent of any superseding and/or intervening events.

10. Pre-existing conditions: The extent of any result of unrelated, pre-existing, and/or subsequent conditions unrelated to Spirit's alleged acts or omissions bar Plaintiff's claims in whole or in part.

11. No actual damages: Plaintiff suffered no actual damages related to Spirit's alleged acts and omissions.

12. Speculative damages: Plaintiff cannot recover for her alleged damages that are speculative in nature.

13. Failure to mitigate damages: Plaintiff failed to mitigate her damages or take reasonable steps to mitigate or prevent the damages Plaintiff claims to have suffered.

14. Set-off: Spirit asserts that if it is liable to Plaintiff, which liability Spirit expressly denies, then Spirit is entitled to a set-off for all settlements/benefits received by Plaintiff, if any.

15. Reservation: Affirmative defenses are legal defenses, which if not stated in response to the Complaint, may be waived. Accordingly, as indicated above, Spirit may modify, withdraw, and/or add affirmative defenses as information becomes available during investigation and discovery conducted hereafter.

WHEREFORE, Defendant Spirit Airlines, Inc. respectfully requests that this Court dismiss Plaintiff's Complaint with prejudice, with costs, including but not limited to reasonable attorney fees to Spirit as well any other legal and equitable relief to which Spirit may be entitled.

## RENEWED DEMAND FOR TRIAL BY JURY

Defendant Spirit Airlines, Inc. ("Spirit"), by and through its attorneys, Taft Stettinius & Hollister LLP, hereby renews its demand for trial by jury in the above-entitled cause on all issues so triable.

                              Respectfully submitted,

                              TAFT STETTINIUS & HOLLISTER LLP

                              By: /s/ Scott R. Torpey
                                    Scott R. Torpey (P36179)
                                    Derek D. McLeod (P66229)
                              *Attorneys for Spirit Airlines, Inc.*
                              27777 Franklin Road, Suite 2500
                              Southfield, Michigan 48034
                              (248) 351-3000
                              (248) 351-3082 fax
                              storpey@taftlaw.com
Dated: October 11, 2023           dmcleod@taftlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on October 11, 2023, I electronically filed the foregoing paper with the Clerk of the Court and will send notification of such filing to the attorneys of record.

                              /s/ Katherine M. Abrignani
                              Katherine M. Abrignani

129334699